IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | | |
|---|---|---|
| JAMES PATRICK SMITH, | § | |
| TDCJ #1537102, | § | |
|    Petitioner, | § | |
| | § | |
| V | § | CIVIL ACTION NO: 7:11-CV-37-O |
| | § | |
| RICK THALER, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
|    Respondent. | § | |

REPORT AND RECOMMENDATION

This is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. §2254 by an inmate confined in the Polunsky Unit of the Texas Department of Criminal Justice in Livingston, Texas claiming ineffectiveness of counsel at Petitioner's sentencing hearing on revocation of his supervised release and resulting in the imposition of a sentence of eighty years imprisonment.[1]

Procedural History

On November 13, 2007, in the 97th District Court of Montague County, Texas, pursuant to a written plea agreement Petitioner Smith plead guilty to the first degree felony offense of aggravated sexual assault on child under 14 years of age.[2] In acceptance of the plea

---

[1] The State Court Record filed herein contains four sets of the records without sequential numbering. They consist of the trial court records (hereafter cited as TCR), the records of petitioner's revocation hearing (hereafter cited as TCRR), the records of petitioner's direct appeal to the Texas Court of Appeals (hereafter cited as CAR), and the records of petitioner's state habeas corpus proceeding (hereafter cited as SHCR).

[2] The plea was to only one count (Count 4) of a nine count indictment charging seven other incidents of sexual abuse of the child and one count of indecency with a child. TCR p. 3-10.

agreement, the trial court deferred Smith's adjudication of guilt and placed him on community supervision (probation) for a period of ten years. The terms of Petitioner's community supervision were established by a written order that imposed (among others) two conditions, to-wit: that Petitioner "...not ingest into the body alcohol or any illegal substance..." and that Petitioner "shall not contact or cause to be contacted any person 17 years of age or younger ...in person...."[3]

On October 13, 2008 the state trial court conducted a hearing on the State's motion to revoke Smith's supervised release. The State alleged two grounds for revocation. First, that Smith had ingested alcohol. Second, that he had made contact with a child under 17 years of age. Smith plead "not true" to the allegations and a plenary hearing was conducted. During the hearing the State's witnesses were cross-examined and Smith put on his own witnesses (his daughter and son-in-law). Following the hearing the state trial court found the allegation of contact with a minor "to be not true," but the allegation of alcohol consumption the court found "to be true." The next day the judge reviewed a presentence report and conducted a sentencing hearing during which neither the State nor the attorney for Smith called or presented any witnesses or any further evidence.[4] The trial court sentenced Smith to an eighty year term of imprisonment. Smith then timely appealed his adjudication of guilt for violating the conditions of his supervised release to the Court of Appeals. On December 17, 2009, the Court of Appeals overruled Smith's six points on appeal and affirmed the trial court's judgment. Smith did not seek discretionary review by the Texas Court of Criminal Appeals.

---

[3] TCR p.143-147.

[4] TCRR Transcript p. 50.

On or about April 1, 2010 Smith filed in the state trial court his application for writ of habeas corpus challenging the revocation of his supervised release (probation) and the imposition of the eighty year sentence. The State responded to the application, but no hearing was conducted, no findings of fact or conclusions of law were entered, and on July 16, 2010, the Court of Criminal Appeals denied the application without written order. On February 11, 2011, within the one year period limitations,[5] Petitioner Smith filed his habeas corpus petition in the Fort Worth Division of the Northern District of Texas. After a brief sojourn to the Amarillo Division, the petition was ultimately transferred to this Wichita Falls Division, a division of proper venue.[6] By order of reference (Docket No.11) this matter has been referred to the undersigned for review, hearing if necessary, or findings of fact and recommendations.

## Smith's Federal Claims

In this court, Smith contends the judgment of conviction is invalid because his court-appointed counsel failed to render effective assistance at the sentencing following the revocation hearing by failing "to investigate and present witnesses who would have refuted the claim that Smith abused alcohol during his term of probation and failed to call witnesses who could have testified to Smith's character and behavior during the time of the alleged probation violation and failed to consult with an expert."[7] Smith further contends that he was denied effective assistance of counsel because counsel denied him his right to testify in his behalf at trial because even though he told his attorney he wanted to testify, he was not called by his

---

[5] 28 U.S.C. §2244 (d)(1).

[6] See, the Magistrate Judge's Order to Transfer (Docket No. 5).

[7] Docket No. 1, Federal Petition p. 4.

attorney to do so.[8] In support of such allegations Smith tendered three affidavits.[9] The State responds that Smith's current allegations before this court regarding the ineffectiveness of counsel are unexhausted and, if so, are procedurally barred, but, if not, they are without merit.

## Smith's State Court Claims

In his state court habeas application and brief, Petitioner Smith asserted five grounds for relief, the first three of which challenged the burden of proof standard applied by the trial court and the sufficiency of the evidence to support the trial court's fact finding that he had violated the condition of his release by ingesting alcohol during the term of the release. These issues were considered and disposed of adversely by the Court of Appeals on Smith's direct appeal.[10] They are not now before this court. The final two grounds raised by Smith in his state application addressed issues regarding the adequacy of his attorney's representation during the revocation hearing.

## Exhaustion

In order to satisfy the exhaustion requirement, a claim must be presented to the Texas Court of Criminal Appeals which is the highest court of the state for criminal review. *Richardson v. Procunier*, 762 F. 2d 429, 431 (5th Cir. 1985); *Carter v. Estelle*, 677 F. 2d 427, 443 (5th Cir. 1982). There are two avenues for such review available under the Texas statutes;

---

[8] *Id*, p.8.

[9] His own affidavit claiming he told his counsel he wanted to testify but counsel did not call him as a witness and two character affidavits negating current, apparent or regular alcohol usage by Smith.

[10] CAR Memorandum Opinion.

4

petition for discretionary review, [11] or an application for post-conviction writ of habeas corpus.[12] In either instance, all grounds raised by a federal petition for habeas corpus must have been "fairly presented" to the state courts prior to being presented to the federal courts. *Picard v. Connor*, 404 U.S. 270, 275 (1971). It is this issue of "fairly presented" that is the crux of the dispute between the petitioner and the state and that requires a detailed comparison of Smith's pleadings herein and before the state courts.

The exhaustion doctrine which is grounded in principles of comity requires that the state courts be given the fair opportunity to address and, if necessary, correct alleged deprivations of federal constitutional rights. *Ex parte Royall, 117 U.S. 241 (1886); Castille v. Peoples*, 489 U.S. 346, 349 (1989); *Anderson v. Harless*, 459 U.S. 4, 6 (1982). A fundamental prerequisite to federal habeas relief under §2254 is the exhaustion of all claims in state court prior to requesting federal collateral relief. *Rose v. Lundy*, 455 U.S. 509, 519-20 (1982). The exhaustion requirement is satisfied when the substance of the federal habeas claim has been fairly presented to the highest state court. *Picard, supra.* A federal court claim must be the "substantial equivalent" of one presented to the state courts if it is to satisfy the "fairly presented" requirement. *Id*. The habeas applicant need not spell out each syllable of the claim before the state court to satisfy the exhaustion requirement, *Lamberti v. Wainwright*, 513 F.2d 277, 282 (5th Cir. 1975), however, the petitioner cannot present new legal theories or new factual claims in his federal application. *Smith v. Dretke*, 422 F. 3d 269, 275 (5th Cir. 2005) citing *Nobles v. Johnson*, 127 F.3d 409, 420 (5th Cir. 1997); See also *Keeney v. Tamayo-*

---

[11] Rule 68.1 of the Texas Rules of Appellate Procedure.

[12] Art. 11.07 of the Texas Code of Criminal Procedure.

*Reyes*, 504 U.S. 1, 9, 10 (1992) (holding that AEDPA's exhaustion requirement requires more than notice, more than petitioner simply stating a federal claim in state court; it requires that the petitioner afford the state court a full and fair opportunity to address his claim).

Smith argues that he did exhaust his ineffectiveness of counsel issues by his allegations in his state court application. As his Ground Four in his state application, Smith alleged that his attorney "did no research of the facts of my case and conducted no, or insufficient research into the applicable law pertaining to revocation hearings of non-adjudicated cases...."[13] In that same paragraph of Ground Four, Smith further alleged, "Counsel did not offer any mitigating facts during sentencing." However, in his state court application, and in his traverse (reply) to the state's brief,[14] Smith stressed that his claim of the ineffectiveness of his counsel was "founded" upon counsel's "failure to object to the use of the preponderance of the evidence standard to determine Applicant's guilt."[15] Nowhere in his brief or in his reply in the state habeas proceeding did Smith assert any failure on his counsel's part either to call Smith on his own behalf or call any other person as a witness on the issues of his use of alcohol or as to punishment or as to calling any expert, unless one were to extrapolate such assertions from the allegation that counsel "did not offer any mitigating facts during sentencing." As to the similarity or distinctiveness of the respective claims in the state and federal habeas pleadings, in *Kittelson v. Dretke*, 426 F. 3d 306, 315 (2005) the Fifth Circuit, following *Finley v.*

---

[13] SCHR Application pp. 14.

[14] *Id.* pp. 14-15.

[15] *Id.* pp. 28-29.

6

*Johnson*,[16] stated, "It is not enough that all the facts necessary to support the federal claim were before the state courts or that a somewhat similar state-law claim was made." In *Allridge v. Cockrell*, 92 Fed. Appx. 60, 2003 U. S. App LEXIS 14174, 2003 WL 21653963 (2003) the Fifth Circuit, in addressing the issue of exhaustion in the context of a claim of ineffective assistance of counsel stated: "A defendant who alleges a failure to investigate on the part of his counsel must allege with specificity what the investigation would have revealed and how it would have altered the outcome of the trial."

I find that although in a global sense Smith did raise in his state habeas application an issue of the ineffectiveness of his trial counsel, he did so in the context of his arguments regarding the burden of proof or evidentiary standards applied by the trial court in revoking his release. He did not raise there the particular allegations regarding counsel's conduct that he now raises before this court. I find that these two new issues are unexhausted and should have been raised by Smith, if at all, in the state habeas corpus proceeding or on direct appeal.

## Procedural Bar

A federal court generally cannot review the merits of a state prisoner's habeas petition if the claims in the petition are procedurally defaulted. *Magwood v. Patterson*, __U. S. __, 130 S. Ct. 2788, 2801 (2010). A habeas claim can be procedurally defaulted in either of two ways. First, if the prisoner has never fairly presented that claim to the highest available state court, the claim is unexhausted. *Kittelson v. Dretke*, 426 F. 3d 306, 315-16 (5th Cir. 2005). Second, if the prisoner has presented the claim to the highest available state court but that court has

---

[16] 243 F. 3d 215 (5th Cir. 2001).

7

dismissed the claim on a state-law procedural ground instead of deciding it on the merits, the claim has been decided on an independent and adequate state-law ground. *Harris v. Reed*, 489 U. S. 255, 262, 109 S. Ct. 1038, 103 L. Ed. 2d 308 (1989). Here, neither the trial court nor the Court of Criminal Appeals made any findings on Smith's claims on the merits or on procedural grounds. Nonetheless the State urges that these unexhausted claims would now be procedurally barred by the Texas Court of Criminal Appeals since they *could have been* but were not presented in Smith's state habeas proceeding due to the application of the Texas "abuse-of-the-writ" statutes. The Texas Code of Criminal Procedure art. 11.07 §4(a) requires a successive state habeas application to be dismissed as an abuse-of-the-writ unless it can satisfy the requirements of one of the two subsections of art. 11.071 §4(a)(1)-(2). Historically, at one time, the Fifth Circuit had found that the Texas abuse-of-the-writ doctrine was not "regularly applied" and, thus, it did not constitute a ground on which a federal court could dismiss a habeas petition under the procedural default rule.[17] However, currently federal courts in Texas are justified in relying on state court abuse-of-the-writ dismissals as a procedural bar to bringing the same habeas claims in federal court. The Texas abuse-of-the-writ doctrine now clearly "represents an adequate state procedural bar for purposes of federal habeas review." *Nobles v. Johnson*, 127 F.3d 409, 423 (5th Cir. 1997), *cert. denied*, 523 U.S. 1139 (1998). This has been well established law in the Fifth Circuit since 1995. *Smith v. Johnson*, 216 F.3d 521, 523 (5th Cir. 2000); *Fearance v. Scott*, 56 F.3d 633, 642 (5th Cir.), *cert. denied*, 515 U.S. 1153 (1995).

---

[17] *Lowe v. Scott*, 48 F.3d 873, 876 (5th Cir. 1995) (citing *Ex Parte Barber*, 879 S.W.2d 889, 891 n.1 (Tex. Crim. App. 1994), *cert. denied*, 489 U.S. 1091 (1995)).

But, what if, as here, the state court remains silent and does not mention an "abuse-of-the-writ" ground in dismissing the state court petition. This issue was answered in 2001 by the Fifth Circuit in *Finley v. Johnson*,[18] wherein the Court held that if a petitioner has not fully exhausted state remedies but the state court would now find the claim procedurally barred (under the abuse of the writ doctrine), then there has been a procedural default for purposes of federal habeas relief. *Finley* has been followed extensively in the intervening years.[19] Indeed, in *Johnson v. Quarterman*, Johnson argued that the term "continuing threat to society" as used in a sentencing instruction was *vague* but in the subsequent federal habeas proceeding Johnson argued that the term "society" should have been defined to include "prison." This distinction between Johnson's allegations regarding the wording of the instruction was enough for the District Court and the Fifth Circuit to find that Johnson had failed to exhaust his claim at the state court level and barred relief.

I conclude that the Texas state courts would procedurally bar Smith's two unexhausted claims of ineffectiveness of his counsel since they could have been but were not adequately raised or presented to those courts in Smith's direct appeal or in his prior habeas corpus proceeding.

Finally, Smith seeks to avoid the procedural bar arising from his failure to fairly present his claims to the state courts by invoking the *Strickland* "cause and prejudice" standard.[20] Smith cannot avoid the application of the procedural bar to the consideration of his ineffective

---

[18] *Supra* at note 15, p. 220

[19] See *Mosley v. Quarterman*, 306 Fed. Appx. 40; 2008 U. S. App. LEXIS 26138 (2008); *Johnson v. Quarterman* 294 Fed Apps. 927, 930, 2008 U. S. App. Lexis 20985 (2008).

[20] *Strickland v. Washington*, 466 U.S. 668, 687 (1984).

9

assistance claims since he has not alleged, nor can he show, either cause and prejudice as to why he failed to present or develop his claims in the state court proceedings. The record of the state court habeas proceeding reflects that Smith was fully aware of the federal requirement for adequate representation by counsel since he alleged the inadequacy of counsel in preparation and presentation for the revocation hearing. But instead of claiming that counsel had prevented him from testifying and had failed to offer any character or expert witnesses at the sentencing hearing (his federal claims), he directed the court's attention to counsel's alleged failure to address the issues of misapplication of a burden of proof standard and the alleged consequent lack of sufficiency of the evidence. The state habeas record also reflects that Smith was also aware that neither he nor his counsel presented any testimony or evidence at the sentencing hearing, but instead directed the state habeas court toward the lack of corroborating evidence of his violation of his supervised release. Finally, the record of the revocation hearing clearly establishes that there was sufficient evidence of Smith's consumption of alcohol during the probationary term as to negate any claim of actual innocence. Accordingly, I conclude that Smith's claims are now procedurally barred before this Court. I therefore recommend to the District Court that Smith's petition be denied.

It is so found, concluded and recommended, this 8th day of June, 2011.

_____
Robert K. Roach
UNITED STATES MAGISTRATE JUDGE

Standard Instruction to Litigants

A copy of this report containing findings and recommendations shall be served on all parties in the manner provided by law. Any party who objects to any part of this order, report, findings and recommendations must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996)